IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN MILTON, | No. 4:21-CV-01479 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ANGELA HOOVER, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**OCTOBER 25, 2022**

Plaintiff Kevin Milton has been litigating the instant case since August 2021. His *pro se* Section 1983 action involves alleged constitutional violations while he was in pretrial detention at Clinton County Correctional Facility.[1] Milton sued eight defendants, claiming unconstitutional conditions of confinement, failure to protect, and deliberate indifference to serious medical needs.[2] Those defendants are: Warden Angela Hoover, Deputy Warden S. Ruch, Captain Ross, Lieutenant Rausch, food service providers Gary Angle and David Houdeshell, and medical providers Kira Munro and Thomas Laniar.[3]

All Defendants except Laniar moved to dismiss Milton's amended complaint.[4] After nearly seven months of litigation concerning the motions to

---

[1] *See* Doc. 88 at 1-2.
[2] *Id.* at 4.
[3] *See* Doc. 25 at 2.
[4] *See* Docs. 31, 69, 74.

dismiss, the Court issued a lengthy Memorandum Opinion[5] and Order[6] on July 19, 2022, resolving those pending motions.

As the Court explained therein, Milton's amended complaint failed to delineate which constitutional tort claims were directed at which Defendants, and also failed to allege personal involvement for many of the named Defendants.[7] Ultimately, the Court determined that Milton's amended complaint contained numerous pleading deficiencies affecting nearly all his causes of action. The Court need not rehash those determinations, as they are set forth in detail in the July 19 Opinion.[8] Suffice it to say that, when the dust settled, the only claims that survived Defendants' motions to dismiss were Milton's Fourteenth Amendment conditions-of-confinement claim and First Amendment retaliation claim against defendants Houdeshell and Angle only.[9]

Although most of Milton's claims were dismissed, the Court granted leave to amend, providing Milton with 21 days—or until August 9, 2022—in which to file a second amended complaint if desired.[10] Three days later, on July 22, 2022, the Court—having independently learned that Milton had been moved from SCI Smithfield to Dauphin County Prison based on his *pro se* filings in his criminal

---

5 Doc. 88.
6 Doc. 89.
7 Doc. 88 at 6.
8 *See id.* at 6-18.
9 *See id.* at 19.
10 *See* Doc. 89 at 2 ¶ 5.

2

case, docket number 4:20-CR-00288—*sua sponte* remailed the July 19 Memorandum Opinion and Order to Milton at Dauphin County Prison.[11]

Two weeks later, on August 5, 2022, this Court received correspondence from Milton (dated August 1, 2022) indicating that his address had changed from Dauphin County Prison to "Philadelphia FDC, 700 Arch Street, Philadelphia, Pennsylvania 19106."[12]  The Court once again remailed the July 19 Opinion and Order to Milton's new address.[13]

On August 30, 2022, defendants Houdeshell and Angle filed an answer to the amended complaint, which was served on Milton that day via first-class mail at the Philadelphia FDC address.[14]  After waiting a month beyond the original August 9 amendment deadline, remailing the July 19 decision twice, and still not receiving a second amended complaint or request for enlargement of time from Milton, the Court issued a follow-up Order on September 9, 2022.[15]  That Order specified that, because no second amended complaint or any other communication had been filed, Milton's case would "proceed on the following Section 1983 claims: Fourteenth Amendment conditions of confinement and First Amendment retaliation against defendants Houdeshell and Angle only."[16]

---

[11]  *See* Docket Annotation following Doc. 90.
[12]  Doc. 92.
[13]  *See* Docket Annotation following Doc. 95.
[14]  Doc. 96; *id.* at 24.
[15]  Doc. 97.
[16]  *Id.* at 1 ¶ 1 (citing Doc. 89 at 2 ¶ 6).

3

On September 29, 2022, the July 19 Opinion and Order sent to Milton at FDC Philadelphia were returned as undeliverable and unable to forward.[17]  Five days later, the September 9, 2022 Order sent to Milton at FDC Philadelphia was likewise returned as undeliverable and unable to forward.[18]  The Clerk of Court, utilizing the Federal Bureau of Prisons online inmate locator tool,[19] determined that Milton had been transferred to the Federal Correctional Institution in Loretto, Pennsylvania (FCI Loretto).  That same day, the Clerk remailed the September 9 Order to Milton at FCI Loretto.[20]  The Court additionally notes that the July 19 Opinion and Order remailed to Milton at Dauphin County Prison on July 22, 2022, were never returned as unable to be delivered, indicating that delivery was in fact made.

On October 13, 2022, the Court received a letter from Milton that is, quite frankly, rife with misconceptions and spurious allegations.[21]  The Court will recite Milton's letter verbatim:

> I didn't receive any July 19, [20]22 order to dismiss i've been in transit for the Fed were [sic] I couldn't receive mail and Judge Brann knows this i'm gonna go to the supremem [sic] court an [sic] show what's going on i just got to Loretto FCI my inmate # 17901509 so it's [sic] know [sic] way i can see any thing [sic] that been sent to the wrong address i'm also getting a lawyer because i'm being treated unfear [sic]. it's [sic] gotta be something i can do and i swear i will do it.  Judge Brann had to [sic] of my cases and he shouldn't have and on both of my

---

[17]  Doc. 99.
[18]  Doc. 100.
[19]  *See* https://bop.gov/inmateloc/.
[20]  *See* Doc. 100 (annotation within docket entry).
[21]  Doc. 101.

> cases he voilated [sic] my rights first you know they took all my paper work [sic] for me to fight this case then ya'll send me around in transit and send paper work to the wrong address and try to dismiss it that's against the law and i can prove it so can i have a fear [sic] chance at this case. i need an exstention [sic] and i need to know what happened in this case thank you.[22]

The Court will endeavor to address Milton's inaccuracies and accusations in turn.

First, and most importantly, it is Milton's responsibility to keep the Court informed of his mailing address so that he can timely receive case-related documents and filings. This requirement, which is particularly critical for *pro se* prisoner litigants, was emphasized to Milton at the outset of this case.[23] Milton is fully aware of this responsibility, as he previously submitted three written notices of change of address: one when he was transferred from Clinton County Correctional Facility to Lycoming County Prison,[24] another when he was transferred from Lycoming County Prison to SCI Smithfield,[25] and a third when he was transferred from Dauphin County Prison to FDC Philadelphia.[26] The Court, however, did not receive any communication from Milton when he was transferred to Dauphin County Prison from SCI Smithfield or when he was transferred from FDC Philadelphia to FCI Loretto. So, contrary to Milton's assertion that "Judge

---

[22] *Id.* (all typographical and grammatical errors in original).
[23] *See* Doc. 6 ("Pro Se plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address. If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing.").
[24] Doc. 62
[25] Doc. 85.
[26] Doc. 92.

Brann knows this," the Court was explicitly *not aware* of Milton's recent transfers because Milton failed to comply with the Court's directive regarding updating the Court with any change of address.

    Second, at no time was any Memorandum Opinion or Order sent to the "wrong address," as Milton contends. The Court utilized the mailing address on file for Milton each time it mailed out any Opinion or Order. In fact, on several occasions, the Clerk of Court went above and beyond their obligations by independently ascertaining that Milton had been transferred (first to Dauphin County Prison and then to FCI Loretto) *without* Milton alerting the Court in writing, as required.

    Third, Milton alleges that "ya'll send me around in transit and send paper work to the wrong address and try to dismiss [this case]."[27] The Court, however, plays no role in where Milton is incarcerated or where he is transferred; that is the exclusive purview of the Federal Bureau of Prisons. Thus, Milton's claim that the Court is "send[ing him] around in transit" and then intentionally mailing documents to the wrong address in order to dismiss the case is both specious and patently inaccurate.

    Finally, in his closing sentence, Milton seems to arrive at the point of his missive, asking for an extension of time and for clarification as to this Court's July

---

[27]  Doc. 101.

19 decision. The Court presumes that Milton means that he would like an additional copy of the July 19 Memorandum Opinion and Order and an extension of time to file a second amended complaint. Milton, of course, could have simply requested such relief without including baseless allegations and accusations. He should not do so again.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Milton's request for an extension of time (Doc. 101) shall be construed as a motion to reconsider this Court's September 9, 2022 Order and such motion for reconsideration is **GRANTED**.

2. The Clerk of Court is directed to provide Milton with another copy of this Court's July 19, 2022 Memorandum Opinion (Doc. 88) and Order (Doc. 89) at his FCI Loretto address.

3. Milton shall have **30 days** from the date of this Order—or until **November 25, 2022**—in which to file a second amended complaint, if desired.

4. If Milton timely files a second amended complaint, the Court will vacate its September 9, 2022 Order and will adjust the case management deadlines as necessary.

5. If no second amended complaint is timely filed, this case will proceed on the following Section 1983 claims: Fourteenth Amendment conditions of confinement and First Amendment retaliation against defendants Houdeshell and Angle only, as previously ordered.

6. Milton is admonished that he must comply with this Court's directive to inform the Court in writing if his mailing address changes. No further leeway will be provided to Milton regarding alleged failure to receive court documents if those documents are mailed to the

appropriate address on file and are not received because Milton has failed to update his address with the Court.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge